**UNITED STATES of America**

v.

**Roberto RODRIGUEZ–BEDOLLA,
Appellant.**

**No. 05–3540.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) June 16, 2006.

Filed June 22, 2006.

---

Peter D. Hardy, Office of United States Attorney, Philadelphia, PA, for United States of America.

Elizabeth T. Hey, Defender Association of Philadelphia, Federal Court Division, Philadelphia, PA, for Appellant.

Before FISHER, CHAGARES and REAVLEY,* Circuit Judges.

## OPINION

REAVLEY, Circuit Judge.

Rodriguez–Bedolla appeals his sentence, arguing that he should have been assigned seven criminal history points rather than nine. U.S.S.G. § 4A1.1(d) instructs that when calculating a defendant's criminal history, the sentencing court must add two points "if the defendant committed the instant offense . . . while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Section 4A1.2(m) applies this to violation of warrants. The crux of Rodriguez–Bedolla's argument is that the addition of these two criminal history points was improper because the underlying warrant violated was invalid.

Rodriguez–Bedolla's guideline range was 37–46 months. Rodriguez -B edolla was sentenced to the lowest point in this range, 37 months. This Court has held that it need not reach an issue when the appellant's "sentence would be unaffected" even if he were successful on that point. *United States v. Fields*, 39 F.3d 439, 447 (3d Cir.1994). Since Rodriguez–Bedolla's guideline range would be unaffected by a reduction of two criminal history points,

Rodriguez–Bedolla would not receive any lesser sentence on remand.

Accordingly, the District Court's judgment will be affirmed.